[No. A054733. First Dist., Div. One. Feb. 1, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
CLINTON HALE FISHER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III, and IV.

## COUNSEL

Melissa K. Nappan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Richard Rochman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STRANKMAN, P. J.**—Appellant Clinton Hale Fisher was convicted by a jury of two counts of violating Penal Code section 422, which makes it a crime to threaten another with death or great bodily injury under certain circumstances, and two counts of violating section 242 (misdemeanor battery).[1] Appellant attacks the constitutionality of section 422 on the ground that the statute is overbroad and criminalizes protected speech. He also contends that section 422 was intended to apply only to gang-related activity and that substantial evidence does not support his conviction. As none of his contentions have merit, we affirm the judgment.

### I. FACTS AND PROCEDURAL INFORMATION*

. . . . . . . . . . . . . . . . . . . . . . .

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1556.

## II. CONSTITUTIONALITY OF SECTION 422

The original version of section 422 prohibited threats made with the intent to "terrorize" another.[2] In *People* v. *Mirmirani* (1981) 30 Cal.3d 375 [178 Cal.Rptr. 792, 636 P.2d 1130], the Supreme Court held that this statute and its companion, former section 422.5, were unconstitutionally vague. Read together, the two statutes criminalized threats made with the intent to accomplish " 'social or political goals,' " but that phrase was so all-inclusive and vague that determining what conduct was prohibited was impossible. (*Mirmirani, supra,* at pp. 382-388.)

The Legislature repealed the statutes in 1987. (Stats. 1987, ch. 828, § 28, p. 2587.) A new and quite different version of section 422 was enacted in 1988. (Stats. 1988, ch. 1256, § 4, pp. 4184-4185.) As amended in 1989, section 422 now provides in relevant part: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison." (Stats. 1989, ch. 1135, § 1, pp. 4195-4196.)

■ Appellant contends section 422 is unconstitutionally overbroad because it does not require that the speaker intended to carry out the threat. Appellant recognizes that an overbreadth challenge to section 422 was rejected in *In re David L.* (1991) 234 Cal.App.3d 1655, 1661 [286 Cal.Rptr. 398], but argues that the opinion is not controlling because the court did not set forth its analysis in any detail. We disagree. Despite the *David L.* court's summary treatment of the issue, its conclusion was correct.

In *People* v. *Mirmirani, supra,* 30 Cal.3d 375, the court's invalidation of former section 422 on vagueness grounds made it unnecessary for the court to consider whether the statute was also unconstitutionally overbroad in that it penalized protected speech. Nevertheless, the court instructed, "Although

---

[2]As originally enacted, section 422 made it a felony to "willfully threaten[] to commit a crime which will result in death or great bodily injury . . . with intent to terrorize another . . . ." To "terrorize" was defined by former section 422.5 as "creat[ing] a climate of fear and intimidation by means of threats or violent action causing sustained fear for personal safety in order to achieve social or political goals." (Stats. 1977, ch. 1146, § 1, pp. 3684-3685.)

the Legislature may constitutionally penalize threats, even though they are pure speech, statutes which attempt to do so must be narrowly directed only to threats which truly pose a danger to society. [Citations.]" (*Mirmirani, supra,* 30 Cal.3d at p. 388, fn. 10.)

Among the illustrative cases cited by the *Mirmirani* court in support of that principle was *Watts* v. *United States* (1969) 394 U.S. 705 [22 L.Ed.2d 664, 89 S.Ct. 1399], in which the United States Supreme Court concluded that a federal statute criminalizing "knowingly and willfully" threatening the President was constitutional on its face. At the same time, however, the *Watts* court cautioned that a statute which criminalizes a form of pure speech must be interpreted with the commands of the First Amendment clearly in mind, and a true threat must be distinguished from constitutionally protected speech. (*Id.,* at pp. 706-708 [22 L.Ed.2d at pp. 666-667].)

The defendant's conviction in *Watts* was set aside because his comments, considered in context, were political hyperbole, not a true threat. Therefore, the court was not required to decide whether a true threat must include the specific intent to carry it into execution. (*Watts* v. *United States, supra,* 394 U.S. at pp. 707-708 [22 L.Ed.2d at pp. 666-667].) That question was subsequently decided in another case cited by the *Mirmirani* court, *United States* v. *Kelner* (2d Cir. 1976) 534 F.2d 1020.

Defendant in *Kelner* was convicted of transmitting in interstate commerce a threat to injure another person. He insisted his statements were not threats within the meaning of the statute because he did not intend to carry them out, but the court disagreed. Relying on *Watts,* the *Kelner* court acknowledged that to satisfy First Amendment protections, punishable threats are limited to those statements which, according to their language and context, convey a gravity of purpose and likelihood of execution. Nevertheless, the court also concluded that proof of specific intent to carry out the threat is not constitutionally compelled, as long as the circumstances are such that the threats are so unambiguous and have such immediacy that they convincingly express an intention of being carried out. "So long as the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution, the statute may be properly applied." (*United States* v. *Kelner, supra,* 534 F.2d at pp. 1026-1028; see also *U.S.* v. *Kosma* (3d Cir. 1991) 951 F.2d 549, 554-555, and cases there cited; *U.S.* v. *Orozco-Santillan* (9th Cir. 1990) 903 F.2d 1262, 1265-1266, & fn. 3.)

The premise underlying appellant's argument is that a threat which the speaker does not intend to implement is speech protected by the First

Amendment. As *Kelner* makes clear, that premise is simply incorrect. It is readily apparent that section 422 is not unconstitutionally overbroad; instead, it has been carefully drafted to comport with the detailed guidelines articulated by the *Kelner* court. Appellant's constitutional attack on the statute has no merit.

## III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V. DISPOSITION

The judgment is affirmed.

Newsom, J., and Stein, J., concurred.

---

*See footnote, *ante*, page 1556.