IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2005

Charles R. Fulbruge III
Clerk

No. 03-41081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN NARANJO-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-03-CR-345-1)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Naranjo-Hernandez (Naranjo) appeals his guilty-plea conviction and sentence for illegal reentry following a prior deportation, in violation of 8 U.S.C. § 1326. For the first time on appeal, Naranjo argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Naranjo acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States

v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The judgment of the

district court is therefore affirmed as to this ground.

Naranjo also contends that the district court erred in

enhancing his base offense level by 16 on a finding that his prior

Minnesota conviction for terroristic threats constituted a "crime

of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The

government's motion to supplement the record with copies of the

charging instruments for this predicate offense is granted.

See United States v. Charles, 301 F.3d 309, 313 n.7 (5th Cir.

2002)(en banc).

We review de novo the validity of the district court's

application of such an enhancement.  United States v. Calderon-Pena,

383 F.3d 254, 256 (5th Cir. 2004)(en banc), cert. denied, 125 S. Ct.

932 (2005); see also United States v. Villegas, ___ F.3d ___ (5th

Cir. Mar. 17, 2005) (No. 03-21220), 2005 WL 627963 at *4-*5.

Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines

provides for a 16-level increase when a defendant was previously

deported after a conviction for a crime of violence.  A crime of

violence is identified in part as "an offense under federal, state,

or local law that has as an element the use, attempted use, or

threatened use of physical force against the person of another."

U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)(I)) (2002).  In determining

whether an offense meets the definition of a crime of violence, we

do not look to the facts underlying the offense.  Rather, we examine

only the elements of the offense.  See Calderon-Pena, 383 F.3d at 257-58.  If the statute contains disjunctive elements, we may look to the charging instrument.  See id. at 258.

Under Minnesota law, there are various means by which an individual can commit the offense of terroristic threats, some of which do not require the "threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1)(B)(ii)(I); see MINN. STAT. ANN. § 609.713 (2000).  We may therefore examine the charging instruments.

Naranjo was charged in the Minnesota criminal complaint with "wrongfully and unlawfully directly or indirectly threaten[ing] to commit a crime of violence, with the purpose to cause, or in reckless disregard of the risk of causing terror in another."  The elements of this offense are that (1) the accused made threats, (2) to commit a crime of violence, (3) with the purpose of terrorizing another or in reckless disregard of the risk of terrorizing another. MINN. STAT. ANN. § 609.713(1); State v. Schweppe, 237 N.W.2d 609, 613-14 (Minn. 1975).  As "crime of violence" is defined under Minnesota law, an individual may commit the offense with which Naranjo was charged without threatening to use physical force against another person.  See MINN. STAT. ANN. §§ 609.1095(1)(d), 609.561, 609.855(5). Although the underlying facts of the instant case may reveal that Naranjo actually threatened to use physical force against another individual, we do not consider such facts in the categorical approach.  See Calderon-Pena, 383 F.3d at 257-58.  As it is possible

3

under Minnesota law for the State to obtain a conviction under this subsection of the terroristic threats statute without proof of the threatened use of physical force against another person, this is not an element of the offense.  See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir. 2004) (en banc).

Based on the foregoing, the district court erred in applying the 16-level enhancement for a prior conviction of a crime of violence.  See U.S.S.G. § 2L1.2(b)(1)(A).  Accordingly, we vacate Naranjo's sentence and remand to the district court for resentencing in accordance with this opinion.  Although the district court's misapplication of the Guidelines requires remand, pretermitting our need to consider Naranjo's argument that his sentence was improperly imposed in light of United States v. Booker, 125 S. Ct. 738 (2005), we are confident that the district court will resentence in conformity with Booker on remand.

MOTION TO SUPPLEMENT RECORD GRANTED; CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

4