IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2008

Charles R. Fulbruge III
Clerk

No. 06-41243

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FERNANDO DE LA ROSA-HERNANDEZ, also known as Fernando De La
Rosa

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-00530-ALL

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to being found in the United States without
permission after deportation, Fernando De La Rosa-Hernandez appeals only his
sentence. Primarily at issue is whether his prior California conviction for
making terroristic threats is a requisite crime of violence (COV) under
Sentencing Guidlines § 2L1.2. He concedes our precedent forecloses his other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

issue. Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.

I.

De La Rosa was indicted in April 2006 for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. That May, he pleaded guilty, pursuant to a plea agreement in which he did not waive any appellate rights.

The post-Booker sentencing was under the 2005 version of the advisory Guidelines. The presentence investigation report (PSR) recommended, inter alia, a 16-level increase under Guidelines § 2L1.2(b)(1)(A)(ii), based on De La Rosa's 1995 California conviction for making terroristic threats, in violation of California Penal Code § 422. In one of his objections to the PSR, De La Rosa maintained this prior conviction was not a COV because it did not have as an element the use, attempted use, or threatened use of physical force against the person of another. De La Rosa's objections were overruled; he was sentenced, inter alia, to 48 months' imprisonment.

II.

A.

Primarily at issue is whether the district court erred by enhancing De La Rosa's sentence under § 2L1.2, based on ruling his prior conviction for making terroristic threats was a COV. Post-Booker, district courts must still properly calculate the advisory guidelines sentencing range. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Whether the district court properly applied the enhancement is reviewed de novo. E.g., United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006). If the enhancement

was applied erroneously, we must decide whether that error was harmless. E.g., United States v. Moore, 452 F.3d 382, 391 (5th Cir.), cert. denied 127 S. Ct. 423 (2006).

1.

Section 2L1.2(b)(1)(A)(ii) provides for a 16-level increase when a defendant previously was deported after a COV conviction. Making terroristic threats is not an enumerated COV under the Guidelines. See § 2L1.2, cmt. n.1(B)(iii). Therefore, to qualify for the enhancement, De La Rosa's prior offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another". Id. (emphasis added).

A categorical approach is employed for determining whether a state offense qualifies as a COV. See United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). Under that approach, the elements of the offense, not the underlying facts, are considered. Id. If the statute contains disjunctive elements, however, the charging instrument, as well as other documents, may be consulted, as discussed in Shepard v. United States, 544 U.S. 13, 20-21 (2005). Calderon-Pena, 383 F.3d at 258.

To qualify as a COV, the intentional use of force must be a constituent part of the offense. See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir. 2004). "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element–implicit or explicit–of the crime." Id. This court has construed the term "force" when used in defining a COV to imply destructive or violent force. See United States v. Landeros-Gonzales, 262 F.3d 424, 426 (5th Cir. 2001) (addressing use of force under 18 U.S.C. § 16(b)).

California's Terroristic Threats law under which De La Rosa was convicted provides:

> Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison.

CAL. PENAL CODE. § 422; see also People v. Fisher, 12 Cal. App. 4th 1556, 1558 (Cal. Dist. Ct. App. 1993) (quoting statute). The criminal information charged De La Rosa with a felony violation of § 422 by "willfully and unlawfully threaten[ing] to commit a crime which would result in death and great bodily injury to [the victim], with the specific intent that the statement be taken as a threat", including making an immediate and specific threat that conveyed to the victim "a gravity of purpose and an immediate prospect of execution". The information charged that the victim reasonably was fearful for her safety and that of her family. This language tracks that of § 422.

Our court has not addressed whether the California terroristic-threats offense is a COV under § 2L1.2. The Government urges that we adopt the Ninth Circuit's reasoning in Rosales-Rosales v. Ashcroft, 347 F.3d 714 (9th Cir. 2003), which held § 422 was, on its face, a COV. As De La Rosa points out, however, our precedent precludes our finding § 422 to be a COV because our court

construes the use-of-force standard to require more than a showing of bodily injury.

In United States v. Villegas-Hernandez, 468 F.3d 874, 878-79 (5th Cir. 2006), cert. denied, 127 S. Ct. 1351 (2007), our court rejected the contention that conviction for a Texas assault offense that penalized "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" met the requirements for establishing a use of force under 18 U.S.C. § 16. (Unlike § 2L1.2's definition, an offense is also a COV under § 16 if it involves the use, attempted use, or threatened use of force against the property of another, as well as against another's person.) In so holding, our court recognized bodily injury could result from a number of acts that did not involve use of force. Id. at 879. Thus, our rule is clear: if the defendant may be found guilty of the offense under a set of facts not involving the actual, attempted, or threatened use of physical force against another, the offense is not a COV. See id. at 882.

Section 422 requires that the defendant "willfully threaten[ed] to commit a crime which will result in death or bodily injury to another person". The statute does not, however, require that the threatened criminal act involve the use of destructive or violent force. See People v. Toledo, 26 P.3d 1051, 1055 (Cal. 2001) (listing elements). "There is . . . a difference between a defendant's causation of an injury and the defendant's use of force." Villegas-Hernandez, 468 F.3d at 880 (quoting United States v. Vargas-Duran, 356 F.3d 598, 606 (5th Cir. 2004) (internal quotation marks omitted)). As in Villegas, a defendant could violate § 422, for example, by threatening either to poison another or to guide someone intentionally into dangerous traffic, neither of which involve "force", as that term is defined by our court. See id. at 879.

Therefore, because "it is possible under [California] law for the State to obtain a conviction under . . . the terroristic threats statute without proof of the threatened use of physical force against another person, this is not an element of the offense". United States v. Naranjo-Hernandez, 133 F. App'x 96, 98 (5th Cir. 2005) (unpublished) (holding Minnesota terroristic-threats statute not a COV). Accordingly, the COV enhancement was applied erroneously.

2.

Because De La Rosa preserved the challenge to the enhancement by objecting in district court, the Government must demonstrate beyond a reasonable doubt that the error was harmless in order to avoid having the sentence vacated. Moore, 452 F.3d at 391-92. To do so, it must show the sentence imposed would not have been different absent the error. Id.

Needless to say, the Government can not show the sentence would have been the same absent the 16-level enhancement. At most, his conviction should have subjected him to an eight-level enhancement under § 2L1.2(b)(1)(C), which, after his three-level acceptance-of-responsibility deduction, would yield an offense level of 13. This level, when coupled with De La Rosa's criminal history category of III, would produce an advisory Guidelines range of 18 to 24 months, far shorter than the 48 months imposed. The district court made no indication on the record that it would have imposed the same sentence even if the COV enhancement was erroneously calculated. Accordingly, the error was not harmless.

B.

De La Rosa additionally contends 8 U.S.C. § 1326(b)(1) and (2) unconstitutionally treat prior felony and aggravated felony convictions as

sentencing factors, rather than elements of the offense that must be proven to a jury. Recognizing this contention was explicitly rejected in Almendarez-Torres v. United States, 523 U.S. 224 (1998), De La Rosa nevertheless makes the familiar contention that the Court would now overrule its decision in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As De La Rosa properly concedes, however, this issue is foreclosed in our circuit; he presents it only to preserve it for possible review. See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, No. 07-6202, 2008 WL 59441 (7 Jan. 2008).

## III.

For the foregoing reasons, the conviction is AFFIRMED; the sentence is VACATED; and this matter is REMANDED for resentencing.