IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-41354

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

JAMES TERRELL JOHNSON, also known as James Johnson, also known as James Terral Johnson, also known as James T Johnson, also known as Louis Burris, also known as Orlando Hicks

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-237-ALL

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant James Terrell Johnson ("Johnson") appeals his enhanced sentence, which the district court imposed based on a finding of three prior violent felony convictions. For the following reasons, we VACATE and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

On March 6, 2006, Johnson pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). With respect to his sentencing, Johnson objected to being classified as an armed career criminal, which requires three prior "violent felonies" for sentence-enhancement purposes under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Johnson asserted that his Arkansas convictions for battery in the second degree, aggravated assault, and terroristic threatening did not constitute violent felonies under the ACCA. The district court overruled this objection and, based on the Presentence Investigation Report, sentenced Johnson to fifteen years imprisonment–the minimum prescribed by § 924(e).[1] Johnson now appeals, arguing only that his prior conviction for terroristic threatening does not qualify as a violent felony under the ACCA.

II.

The district court's characterization of a prior offense is a question of law that we review de novo.[2] United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006).

III.

A criminal defendant convicted of being a felon in possession of a firearm who has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another" is subject to a minimum term of fifteen

---

[1] If Johnson had not qualified as an armed career criminal under the ACCA, his guideline range would have been 84 to 105 months imprisonment.

[2] The government argues that Johnson abandoned his objection to the application of the ACCA at the sentencing hearing, and, therefore, the standard for review is plain error. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). We disagree. Although Johnson's attorney made statements to the effect that he did not believe that Johnson had a valid objection to the application of the ACCA, these statements occurred during the hearing on Johnson's motion to dismiss his counsel and not during the sentencing hearing. Johnson's objection to the application of the ACCA was lodged in writing, and the district court ruled on this objection at sentencing.

years imprisonment. § 924(e)(1). A violent felony is any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

§ 924(e)(2)(B).

Employing the categorical approach of United States v. Calderon-Pena, 383 F.3d 254 (5th Cir. 2004) (en banc), and "paring down" the statute of conviction by looking at the information against Johnson,[3] we find that Johnson was convicted under ARK. CODE ANN. § 5-13-301(a)(1)(A) for the following offense: "With the purpose of terrorizing another person, the person threatens to cause death . . . to another person[.]"[4] Given this "pared down" statute of conviction, we conclude that Johnson's conviction for terroristic threatening did not qualify as a violent felony under § 924(e)(2)(B)(i) or (ii).

## A.

The government asks us to affirm the sentence imposed by the district court pursuant to § 924(e)(2)(B)(i) because "his threat to kill the victim was a threatened use of physical force against the person of another." Our precedent, however, precludes this conclusion. In United States v. Villegas-Hernandez, this Court found that a person could cause bodily injury without the use of physical force, and, therefore, the Texas assault statute at issue did not have as an element the use of physical force. 468 F.3d 874, 879 (5th Cir. 2006) ("There is

---

[3] The information against Johnson in case number CR-98-146 alleged that he, "with the purpose of terrorizing Danyelle Lateshia Johnson, threatened to kill Danyelle Lateshia Johnson."

[4] ARK. CODE ANN. § 5-13-301(a)(1)(A) provides in full: "With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person[.]"

. . . a difference between a defendant's causation of injury and the defendant's use of force.") (internal quotations omitted). Based on this precedent, this Court recently determined that a conviction for making terroristic threats under California law did not have as an element the threatened use of physical force. United States v. De La Rosa-Hernandez, No. 06-41243, 2008 WL 302315, at *1-2 (5th Cir. Feb. 4, 2008) ("As in Villegas, a defendant could violate [California's Terroristic Threats law], for example, by threatening either to poison another or to guide someone intentionally into dangerous traffic, neither of which involve 'force', as that term is defined by our court."). There is no significant distinction between the California statute at issue in De La Rosa-Hernandez and the Arkansas statute at issue here.

B.

Although the district court indicated that Johnson's offense was a violent felony under § 924(e)(2)(B)(i), it also seemingly found that the offense qualified as a violent felony under the "Otherwise Clause" of § 924(e)(2)(B)(ii)–that is, Johnson's conviction was for a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The district court, however, provided no reasoning for this apparent conclusion. Furthermore, on appeal, the government does not advance an argument regarding the application of the Otherwise Clause to Johnson's conviction. Nevertheless, we review whether Johnson's conviction qualifies as a violent felony under the Otherwise Clause, and we conclude that it does not.

In applying the Otherwise Clause, the Supreme Court in Begay v. United States recently explained that § 924(e)(2)(B)(ii)'s "listed examples–burglary, arson, extortion, or crimes involving the use of explosives–illustrate the kinds of crimes that fall within the statute's scope." – U.S. –, 128 S. Ct. 1581, 1584-85 (2008). The presence of the enumerated offenses "indicates that the statute covers only similar crimes, rather than every crime that presents a serious

potential risk of physical injury to another." Id. at 1585 (internal quotations omitted). Thus, the Court instructed that the Otherwise Clause covers only "crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Id.

Johnson's conviction for terroristic threatening is not similar in kind to any of the enumerated offenses. The Supreme Court has indicated that § 924(e)(2)(B)(ii) was created to expand the definition of a violent felony to include physically risky crimes against property. See Begay, 128 S. Ct. at 1586. As the Begay Court stated: "Congress sought to expand th[e] definition [of violent felony] to include both crimes against the person (clause (i)) and certain physically risky crimes against property (clause (ii))." Id. Johnson's conviction for threatening to cause the death of another person, however, is not a property crime but a crime against the person. As such, it is not similar in kind to the enumerated offenses and, therefore, not a violent felony under the Otherwise Clause.[5]

IV.

For the foregoing reasons, we VACATE the sentence imposed by the district court and REMAND for resentencing.

---

[5] Although the enumerated offense of extortion may also include a threat of bodily harm, the threat is issued for the purpose of obtaining property, not for the purpose of terrorizing another individual. Given that Congress's intent with respect to § 924(e)(2)(B)(ii) was to cover physically risky property crimes, this distinction precludes Johnson's conviction for terroristic threatening from qualifying as a violent felony under the Otherwise Clause.