**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-41122
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES TERRELL JOHNSON, also known as James Johnson, also known as James Terral Johnson, also known as James T Johnson, also known as Louis Burris, also known as Orlando Hicks,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-237-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Terrell Johnson appeals from his sentencing on his conviction for being a convicted felon in possession of a firearm. We previously remanded Johnson's case for resentencing because he was erroneously sentenced as an armed career criminal. *See United States v. Johnson,* 286 F. App'x 155, 158 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson contends that the district court erred by adjusting his offense level pursuant to U.S.S.G. § 2K2.1(b)(6) because he possessed his firearm in conjunction with another felony, namely, possession of marijuana and methamphetamine. The Government contends that this issue is beyond the scope of our previous mandate.

Johnson objected to his sentencing under the Armed Career Criminal Act (ACCA) guideline before his first sentencing proceeding and did not object to the adjustment for possession of a firearm in conjunction with another felony. Johnson could have anticipated that either the district court or this court would agree with his position on the ACCA and revert to a sentence based on § 2K2.1, the felon in possession guideline. Johnson could have raised his objection to the adjustment he now challenges in conjunction with his first sentencing proceeding and obtained a favorable or unfavorable ruling on it. He could have preserved the issue for appeal in the event of an unfavorable ruling on it and this court could have addressed the issue in Johnson's first appeal. Johnson had sufficient incentive to raise the issue in his prior proceedings. *See United States v. Lee,* 358 F.3d 315, 323 (5th Cir. 2004). None of the exceptions to the mandate rule apply to Johnson's case. *See United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002). Johnson's challenge to the adjustment is outside the scope of our prior mandate, and Johnson has not shown that any exceptions to the mandate rule are applicable. *See United States v. Griffith,* 522 F.3d 607, 609-10 (5th Cir.), *cert. denied,* 129 S. Ct. 211 (2008).

Johnson contends that his sentence was unreasonable because the district court gave undue deference to the guideline sentencing range and failed to consider mitigating factors. He acknowledges that sentences within the guideline sentencing range are presumptively reasonable but argues that the objectives of sentencing would have been served in his case with a lower sentence.

Following *United States v. Booker*, 543 U.S. 220, 261-63 (2005), sentences are reviewed for "reasonableness." *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under the now-discretionary guidelines scheme, the sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a) and to correctly determine the applicable guidelines range. *Id.* at 518-19. Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for abuse of discretion. *Id.* at 597.

Failure to consider the § 3553(a) factors is a question of procedural error. *Gall,* 128 S. Ct. at 597. The district court in Johnson's case explicitly stated that the 93-month sentence was appropriate in light of Johnson's criminal history shortly after reviewing that criminal history. Section 3553(a) lists as factors "the history and characteristics of the defendant," § 3553(a)(1), the need for the sentence "to promote respect for the law," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3353(a)(2)(A),(B),(C). The district court thus considered factors other than the guideline sentencing range.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States,* 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). Johnson's sentence was presumptively reasonable and the district court arrived at that sentence by considering factors listed in § 3553(a). Johnson does not indicate how sentencing objectives would be served by a lower sentence other than to say that they would be. Johnson has failed to rebut the presumption of reasonableness. *See Alonzo,* 435 F.3d at 554.

AFFIRMED.