# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1285

———————

United States of America,

        Appellee,

    v.

Jorge Antonio Lazo,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: September 20, 2010
Filed: September 29, 2010

———————

Before BYE, BEAM, and SMITH, Circuit Judges.

———————

PER CURIAM.

Jorge Lazo re-entered the United States illegally after being removed following his California state conviction for making a terroristic threat. Lazo entered a plea of guilty to the offense of illegal re-entry and was sentenced to a 46-month term of imprisonment. The district court[1] concluded Lazo's California conviction for "terroristic threats" qualified as an aggravated felony under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1). This resulted in an advisory sentencing guidelines range of 18 to 24 months. The district court imposed a non-

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

guideline sentence of 46 months of imprisonment based on a myriad of factors, including Lazo's likelihood of dangerousness to the community, three prior DWIs, repeated illegal entries into the United States, and lenient sentencing treatment that failed to deter Lazo in the past. Lazo appeals his sentence, arguing the district court erred in finding the California conviction could be classified as an aggravated felony.[2]

Normally, we review the district court's conclusion that a prior conviction qualifies as an aggravated felony under U.S.S.G. § 2L1.2 de novo, United States v. Garcia-Medina, 497 F.3d 875, 876 (8th Cir. 2007), but we find it unnecessary to do so in this case, because any potential error was harmless. The district court was aware of the alternate advisory guidelines, and it expressly stated it would impose an upward variance in Lazo's sentence, regardless of any error in the calculation of the advisory guidelines or the applicability of the § 2L1.2 adjustment. Sent. Tr. at 24-26. As a result, any error applying the enhancement under § 2L1.2 was harmless. See United States v. Davis, 583 F.3d 1081, 1094-95 (8th Cir. 2009) (concluding that any error in classifying a defendant as a career offender would be harmless as the district court specifically stated it would impose the same sentence even if defendant was not deemed a career offender).

Accordingly, we affirm.

_____

---

[2] There currently appears to be a circuit split on the question of whether a conviction under California Penal Code §422, which is at issue here, qualifies as an aggravated felony. Compare Rosales-Rosales v. Ashcroft, 347 F.3d 714, 717 (9th Cir. 2003) (concluding that the California statute qualifies as an aggravated felony because it has as an element the threatened use of physical force), with United States v. De La Rosa-Hernandez, 264 Fed.Appx. 446 (5th Cir. 2008) (unpublished) (concluding that the California statute is not automatically classified as an aggravated felony because it does not necessarily include the threatened use of physical force).