# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1768

———————

United States of America,

      Appellee,

v.

Pastor Sanchez-Martinez,

      Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*
\*

———————

Submitted: October 22, 2010
Filed: February 14, 2011

———————

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Pastor Sanchez-Martinez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced Sanchez-Martinez to 36 months' imprisonment. Sanchez-Martinez appeals his sentence, arguing that the district court erred in calculating his advisory guideline sentence range by classifying a prior state-law conviction as a crime of violence and applying the corresponding sixteen-level specific offense characteristic pursuant to USSG

———————

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

§ 2L1.2(b)(1)(A)(ii). We conclude that the district court erred, but that the error was harmless, and we therefore affirm.

The presentence investigation report (PSR) prepared after Sanchez-Martinez pleaded guilty recommended a sixteen-level specific offense characteristic under USSG § 2L1.2(b)(1)(A)(ii). This provision applies to a defendant who was previously deported after committing a "crime of violence." *Id.* The PSR identified Sanchez-Martinez's prior conviction for terroristic threats under Minnesota Statutes § 609.713 as a qualifying crime of violence. Sanchez-Martinez at first agreed that the PSR accurately calculated his guidelines range, but filed a supplemental pleading on the day before sentencing in which he argued that his prior conviction did not qualify as a crime of violence. He argued that the conviction should have been classified instead as an "aggravated felony," requiring an eight-level increase, or "any other felony," requiring a four-level increase. *See* USSG § 2L1.2(b)(1)(C), (D).

At sentencing, the government asked the district court to strike Sanchez-Martinez's supplemental pleading as untimely. In the alternative, the government sought a continuance so it could obtain the charging documents and a transcript of the plea colloquy associated with the conviction for making terroristic threats. The district court denied both requests, and found that Sanchez-Martinez's terroristic threats conviction was a crime of violence, reasoning that "it is a crime of violence even under the most narrow reading of the statute." Accordingly, the court calculated Sanchez-Martinez's advisory guidelines range as 46 to 57 months' imprisonment.

Before imposing Sanchez-Martinez's sentence, the district court announced that it intended to depart downward from the guideline range. The court explained that it would treat the prior conviction as though it required a twelve-level increase under the guidelines. The court thus declined to give effect to the full sixteen-level increase for a crime of violence, but also stated that an eight-level increase was insufficient, no matter how the crime was pleaded in state court. Based on this

departure, the court reached a total offense level of 17, and an advisory guideline range of 30 to 37 months' imprisonment. The court then stated that even if it "set the Guidelines aside," a sentence of 36 months' imprisonment was "a fair and appropriate" sentence.

Sanchez-Martinez argues on appeal that the district court committed procedural error in calculating his advisory guideline range, because the government did not establish that his prior conviction for terroristic threats was a crime of violence that justified a sixteen-level increase under the guidelines. The definition of "crime of violence" for purposes of USSG § 2L1.2(b)(1)(A)(ii) includes, as relevant here, "any . . . offense under federal, state, or local law that has as an element the . . . threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(B)(iii)).

Minnesota Statutes § 609.713, the terroristic threats statute, makes it a crime to "threaten[], directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror." Minn. Stat. § 609.713(1). Under Minnesota law, "crime of violence" as used in § 609.713(1) includes some offenses that do not have as an element the use of physical force against another. *See* Minn. Stat. § 609.1095(1)(d). These include the sale of more than ten grams of cocaine in a ninety-day period, manufacturing methamphetamine in the presence of a child, arson of an unoccupied building, and shooting at an unoccupied transit vehicle. *See* Minn. Stat. §§ 152.021(1), 152.137, 609.562, 609.855(5). Therefore, as the government acknowledges on appeal, not every conviction for terroristic threats involves an offense that has as an element the threatened use of physical force against the person of another, and not every conviction for terroristic threats is a "crime of violence" under USSG § 2L1.2. *See* *Olmsted v. Holder*, 588 F.3d 556, 559 (8th Cir. 2009); *United States v. Naranjo-Hernandez*, 133 F. App'x 96, 98 (5th Cir. 2005) ("Under Minnesota law, there are various means by which an individual can commit the offense of terroristic threats,

some of which do not require the 'threatened use of physical force against the person of another.'") (quoting USSG § 2L1.2, comment. (n.1(B)(ii)(I)) (2002)); *cf. United States v. Clinkscale*, 559 F.3d 815, 817 (8th Cir. 2009) (noting the defendant's concession that his violation of the Minnesota terroristic threats statute did have as an element the threatened use of physical force against the person of another).

When Sanchez-Martinez raised a late objection to the classification of his prior conviction, the government expressed concern that the record may not be sufficient to sustain a sixteen-level increase under USSG § 2L1.2(b)(1)(A)(ii). The government sought additional time to obtain judicial records through which it could establish, under a "modified categorical approach," that this particular conviction under the terroristic threats statute did qualify as a crime of violence. *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *Olmsted*, 588 F.3d at 559. The district court, however, elected to proceed without delay, and concluded that Sanchez-Martinez's prior conviction qualified as a crime of violence, because *every* violation of the terroristic threats statute qualifies as a crime of violence. For the reasons discussed, this was error. The government was unable to present judicial records concerning the prior conviction, and as a result, the court incorrectly calculated the advisory guideline range by applying a sixteen-level increase under USSG § 2L1.2(b)(1)(A) before departing from that range.

We conclude, however, that the error was harmless, because the record is clear that the district court intended to impose the same sentence of 36 months' imprisonment based on 18 U.S.C. § 3553(a), whether the appropriate increase under § 2L1.2(b)(1) was eight, twelve, or sixteen levels. *See United States v. Jackson*, 594 F.3d 1027, 1030 (8th Cir. 2010). When the court declined to continue the sentencing hearing so the government could obtain records concerning the prior conviction, it stated: "I believe that whether I use the 3553(a) factors and how I am going to handle the enhancement, I would end up at the same place, anyway." Similarly, when the government suggested that the guideline calculations made on the existing record

could be problematic, but that an alternative sentence might survive appeal, the court replied: "I intend to proceed with sentencing, because I believe that I will end up at the same place, anyway, with the sentence." And in explaining the sentence imposed, the court said that "even if I set the Guidelines aside, looking at your record, who you are, taking you at your word, I believe that a sentence of 36 months . . . is a fair and appropriate sentence under all the circumstances." We thus conclude that the court's miscalculation of the advisory guideline range was harmless error.

The judgment of the district court is affirmed. The cross motions of the parties to supplement the record with judicial records concerning the prior conviction are denied.

_____