COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I join Parts I, II.A, and II.C of the opinion of the court, but for the reasons stated in United States v. Bastian, 603 F.3d 460, 467 (8th Cir.2010) (concurring opinion), I decline to join Part II.B. He who places an open box of treats in a common area of an office may be distributing treats, ante, at 1118, but USSG § 2G2.2(b)(3)(B) applies only where the defendant is engaged in a “transaction” that is conducted “for a thing of value.” Id. § 2G2.2, comment. (n.l); see United States v. Spriggs, 666 F.3d 1284, 1287 (11th Cir.2012); United States v. Rogers, 666 F.Supp.2d 148, 153-54 (D.Me.2009), vacated on other grounds, 659 F.3d 74 (1st Cir.2011).
In this case, the district court stated that even if the guidelines did not exist, the court would arrive at the same sentence of 420 months’ imprisonment. This alternative ruling may not have been sufficient under United States v. Icaza, 492 F.3d 967, 971 (8th Cir.2007), because it did not specify a precise alternative guideline range, but Icaza was premised on an outmoded notion that the court of appeals assesses “the reasonableness of a variance.” Id. (quoting United States v. Bah, 439 F.3d 423, 431-32 (8th Cir.2006)). Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), established that the proper measure of “reasonableness” under § 3553(a) is not whether the variance from an advisory guideline range is reasonable, but whether the ultimate sentence is reasonable in light of the § 3553(a) factors taken as a whole. Id. at 50-51, 128 S.Ct. 586. Because the district court did not abuse its discretion in declaring that a sentence of 420 months’ imprisonment was warranted without regard to the guidelines, any error in applying the five-level adjustment under § 2G2.2(b)(3)(B) was harmless. See United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir.2011). I therefore concur in the judgment.