# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2478
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Appleby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 8, 2014
Filed: December 19, 2014
[Unpublished]

_____

Before LOKEN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Nicholas Appleby pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The

district court[1] sentenced Appleby to 480 months' imprisonment and 20 years' supervised release. Appleby appeals the sentence, contending the district court should not have applied vulnerable victim sentencing enhancements under United States Sentencing Guidelines Manual (U.S.S.G.) § 3A1.1(b)(1) and should have applied a downward variance based on Appleby's fetal alcohol syndrome (FAS) diagnosis. We affirm.

I

Between June 2011 and July 2012, Appleby exchanged sexually explicit text messages through the use of a cellular telephone with L.E., a girl aged fourteen and then fifteen years old. During their relationship, L.E. informed Appleby she engaged in self-mutilation by cutting herself with razor blades. L.E. sent Appleby multiple text messages indicating she had cut herself on the thigh and was bleeding. She additionally sent Appleby photographs of some of the cuts on her thighs. By at least October 2011, L.E. had also sent Appleby numerous text messages describing her emotional and mental issues, including depression, and expressing suicidal ideation. L.E. expressed to Appleby she did not deserve to live and wanted to die.

In Appleby's exchanges with L.E., he also expressed thoughts of suicide and self-harm. Appleby indicated, however, his mood might improve if L.E. sent him sexually explicit photographs or met with him. On two such occasions, Appleby indicated photographs "just might snap [his] depression" and he was going to "start cutting real soon" if he did not receive photographs from L.E. Appleby and L.E. also met on two occasions and engaged in sexual intercourse. Appleby told L.E. not to discuss their relationship or he could "get in trouble."

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Beginning in October 2011, Appleby engaged in a second sexually explicit relationship with another individual, S.B., a fifteen-year-old girl. Appleby previously dated S.B.'s older sister and had lived with S.B. and her family for approximately one month. During Appleby's tenure in S.B.'s home, Appleby saw S.B. approximately four or five times per week. S.B.'s sister informed Appleby that S.B. suffered from attention deficit disorder (ADD), attention deficit hyperactivity disorder (ADHD), and mental retardation. An evaluation of S.B. indicated S.B. had a "Full Scale IQ of 63" and "a diagnosis of mild mental retardation." Appleby also told S.B. to keep their relationship confidential to avoid getting Appleby "in trouble."

After being charged by information, Appleby pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Prior to sentencing, the United States Probation Office for the Northern District of Iowa prepared a presentence investigation report (PSR) which included the recommendation that Appleby's base offense level for the acts committed against L.E. and S.B. be increased by two levels because Appleby knew or should have known that both L.E. and S.B. were vulnerable victims pursuant to U.S.S.G. § 3A1.1(b)(1).

At sentencing, Appleby challenged the PSR recommendation for vulnerable victim-related adjustments for both L.E. and S.B. The district court, however, accepted the PSR's recommendations in calculating Appleby's advisory Guidelines range, applying a two-level enhancement to each of L.E. and S.B.'s calculations for base offense level. After applying each of these enhancements and additional upward and downward adjustments, the district court determined Appleby's total offense level was 43. The district court then calculated Appleby's sentence using a total offense level of 43 and Appleby's Category VI criminal history, resulting in an advisory sentence of life imprisonment. The statutory maximum for sexual

exploitation of children, however, was thirty years' imprisonment and the statutory maximum for possession of child pornography was ten years' imprisonment.

The district court sentenced Appleby to 480 months' imprisonment, applying the statutory maximum sentence for each count pursuant to 18 U.S.C. §§ 2251(e) and 2252A(b)(2) to be served consecutively. Appleby argued for a downward variance because he suffers from FAS, but the district court declined to apply the variance based on a failure to present any evidence of a diagnosis. The district court also explained in the event its findings relating to the vulnerable victim-related adjustments for both L.E. and S.B. were overturned, the sentence imposed would be the same based on an analysis of all the other § 3553 factors. Appleby appeals.

II

"We review de novo whether the district court correctly interpreted and applied the sentencing guidelines, while the court's factual findings are reviewed for clear error." United States v. Koch, 625 F.3d 470, 480 (8th Cir. 2010). When reviewing a district court's imposition of a sentence, we "must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." United States v. French, 719 F.3d 1002, 1007 (8th Cir. 2013) (internal quotation marks and citation omitted). "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the [G]uidelines range requires a remand for resentencing." United States v. Waller, 689 F.3d 947, 957 (8th Cir. 2012) (per curiam) (alteration in original) (internal quotation marks and citation omitted). "However, a district court's Guidelines computation error is harmless if the government can show the procedural

error did not substantially influence the outcome of the sentencing proceeding." United States v. Woods, 670 F.3d 883, 886 (8th Cir. 2012) (internal quotation marks and citation omitted).

Appleby first contends the district court procedurally erred in applying the vulnerable victim-related adjustment under § 3A1.1(b)(1) to the base offense levels for both L.E. and S.B. Specifically, Appleby argues neither L.E. nor S.B. were "unusually vulnerable" or "particularly susceptible to [Appleby's] criminal conduct" and there was insufficient evidence presented that Appleby knew or should have known about S.B.'s mental health condition. In response, the government argues the district court did not err in imposing the two-level enhancements and, even if it did, such error was harmless because the district court stated on the record it would have imposed the same 480-month sentence regardless of the application of the vulnerable victim-related adjustments. Further, without the adjustments, Appleby's sentence would have been within the Guidelines range because his total offense level would have been 42, which, combined with his criminal history level, would have resulted in an advisory range of 360 months to 480 months' imprisonment considering the statutory maximums.

Under the facts of this case, we need not determine whether the district court procedurally erred in applying the vulnerable victim-related adjustments under § 3A1.1(b)(1) because any such error would be harmless. Assuming procedural error occurred, the record clearly indicates the district court intended to sentence Appleby to 480 months. See Waller, 689 F.3d at 958 (finding harmless error when "[t]he record indicates that the district court intended to sentence [Waller] to [60] months" (alternation in original)); United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir. 2011) (concluding any procedural error was harmless because the record clearly indicated the district court would have imposed the same sentence regardless of the error). The district court stated regardless of the application of the vulnerable

victim-related adjustments, the sentence imposed would be the same based on an analysis of all the other § 3553 factors.

We do not believe, as Appleby argues, that the decision in United States v. Icaza, 492 F.3d 967 (8th Cir. 2007), suggests a different result. In Icaza, the district court made a blanket statement that sixty-three months was a fair sentence without identifying a correctly calculated Guidelines range or explaining a variance from it based on the § 3553(a) factors. Id. at 971. Additionally, the record indicated the district court did not intend to pronounce the same sentence if the § 2B1.1(b)(2) enhancement was rejected on appeal. Id. Here, the facts are distinguishable because the district court thoroughly explained its reasoning for the sentence and indicated it would have imposed the same sentence. For these reasons, we conclude any Guidelines miscalculation based on vulnerable victim-related adjustments was harmless error.

Appleby next argues the district court committed procedural and substantive error by rejecting the evidence he presented that he suffers from FAS and denying a downward variance. Although not entirely clear from Appleby's argument, it appears Appleby is contending the district court procedurally erred by not admitting and accepting as true the unobjected-to fact contained in the PSR that Appleby had been diagnosed with FAS. Further, Appleby argues the uncontroverted testimony of his adoptive mother and the deposition testimony of Ellen Natvig, a physician's assistant, who met with Appleby, bolster this fact.

Although the district court adopted the PSR without change, Appleby misstates the facts contained in the PSR. The PSR, at paragraph 96, provides: "The defendant explained that, at the time he was adopted, his adoptive mother was advised that he had been diagnosed as suffering from fetal alcohol syndrome. The defendant's [adoptive] father verified said information." The facts contained in this paragraph are that Appleby relayed this information during his interview and his adoptive father

-6-

confirmed his wife received this information, not that a diagnosis had actually been made. Additionally, even though Natvig testified Appleby exhibited symptoms of FAS, she could not answer whether it was more or less likely that Appleby suffered from FAS. Appleby's arguments relating to procedural error are therefore not persuasive.

"Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Kane, 639 F.3d 1121, 1130 (8th Cir. 2011) (alterations in original) (internal quotation marks and citation omitted). "[A] sentence below or within the Guidelines range is presumptively reasonable on appeal." United States v. Canania, 532 F.3d 764, 773 (8th Cir. 2008).

Appleby argues the district court substantively erred because his sentence was "greater than necessary" to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2). Specifically, Appleby contends the district court's rejection of evidence supporting his diagnosis for FAS caused a sentence which was greater than minimally sufficient, and the district court should have granted a downward variance to satisfy the four purposes of sentencing as provided by § 3553(a)(2).

The district court considered Appleby's arguments regarding FAS and concluded there was neither a reliable diagnosis nor objective evidence establishing a diagnosis. The district court further noted it was unaware of the nature of medicine thirty years ago and of the alleged doctor, including his or her qualifications, who may have made such a diagnosis. In addition, the district court thoroughly discussed the nature and circumstances of Appleby's offenses against L.E. and S.B. and Appleby's extensive criminal history and noted the sentence needed to promote respect for the law, provide just punishment, be an adequate deterrent, protect the

public from further crimes committed by Appleby, and provide Appleby with the education, vocational training, medical care, or other correctional treatment in the most effective manner. The district court adequately explained its reasoning for Appleby's sentence, and we find the district court properly considered the § 3553(a) factors and a sentence of 480 months' imprisonment, which was either below or within the Guidelines range, is not substantively unreasonable. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) ("Where the district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (internal quotation marks and citation omitted)). The district court did not abuse its discretion in denying Appleby a downward variance based on FAS.

III

For the foregoing reasons, we affirm.

_____