# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2548
_____

United States of America

*Plaintiff - Appellee*

v.

Jessica Rae Reznicek, also known as Jessica Rae Anderson, also known as Jessica Lane Reznicek

*Defendant - Appellant*

------------------------------

Climate Defense Project; Center for Protest Law & Litigation; Honor the Earth; Climate Disobedience Center; Code Pink; Catholic Social Action; Water Protector Legal Collective; National Lawyers Guild; The Center for Constitutional Rights; Dean Sudha Setty

*Amici on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 13, 2022
Filed: June 6, 2022
[Unpublished]

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

From 2016 to 2017, Jessica Reznicek slowed construction on the Dakota Access Pipeline by committing arson and acts of vandalism, including using a blowtorch to cut holes in the pipeline. She was charged with and pleaded guilty to conspiracy to damage an energy facility, 18 U.S.C. § 1366(a). Over Reznicek's objection, the district court[1] applied a terrorism enhancement under U.S.S.G. § 3A1.4 that increased her Guidelines range from 37–46 months to 210–240 months. It then varied downward and sentenced her to 96 months in prison and 3 years of supervised release. Reznicek appeals, arguing that the district court erred by applying the terrorism enhancement and that it imposed a substantively unreasonable sentence. We affirm.

Reznicek first argues that the district court erred by enhancing her Guidelines range under § 3A1.4, which applies "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." Certain offenses, including violations of § 1366(a), qualify as federal crimes of terrorism if they are "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." 18 U.S.C. § 2332b(g)(5)(A). Reznicek argues that the enhancement should not have applied because her actions were directed at a private company, rather than the government.

Even if that is right, any error was harmless. The district court expressly stated that its sentence "would be the same sentence imposed if the Court did not apply the terrorism adjustment." Where a district court makes clear that it would have imposed the same sentence even if an enhancement did not apply, any error in applying the enhancement is harmless. See United States v. Sanchez-Martinez, 633 F.3d 658, 660–61 (8th Cir. 2011) (holding that error in applying sentencing

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

enhancement was harmless where district court said, "I would end up at the same place, anyway").[2]

Reznicek also argues that her sentence is substantively unreasonable. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464.

Even if Reznicek is correct that her Guidelines range should have been 37–46 months, the district court's 96-month sentence was not an abuse of discretion. The district court thoughtfully considered her § 3553(a) factors, such as her "laudable, though ultimately misguided, motivations," her rehabilitation, and its belief that "the terrorism adjustment overstates the recommended sentence in this case." It also considered her aggravating factors: that she encouraged others to imitate her crimes, that her vandalism caused "a grave risk to others," and that her crimes continued over a long stretch of time. Because the district court considered the appropriate factors and did not commit a clear error of judgment, we affirm.

———————————————————

[2]Because any error in applying the enhancement was harmless, we do not consider Reznicek's request to revisit our precedent in United States v. Villareal-Amarillas, 562 F.3d 892, 897 (8th Cir. 2009) (holding that applying preponderance of the evidence standard for enhancement that doubled the Guidelines range was not a violation of due process).