# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2911

_____

United States of America

*Plaintiff - Appellee*

v.

Paul M. Tegeler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 11, 2016
Filed: May 31, 2016
[Unpublished]

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota, sitting by designation.

Paul Tegeler pleaded guilty to coercion and enticement in violation of 18 U.S.C. § 2422(a). The district court[2] sentenced him below the advisory sentencing guidelines range to 84 months' imprisonment and 10 years' supervised release. Tegeler appeals, arguing that the district court erred in its application of the guidelines and that this error was not harmless. We affirm.

The Arapahoe County, Colorado sheriff's office began investigating Tegeler after identifying him as the author of a Craigslist posting by a male looking for a sex slave. As part of the investigation, an undercover officer pretending to be a 13-year-old female responding to the Craigslist ad exchanged emails with Tegeler for several days. Tegeler described sexually explicit conduct in these emails and invited the "child" to meet him for sex. To facilitate this meeting, Tegeler sent her a one-way bus ticket departing from Denver, Colorado and arriving in Lexington, Nebraska. Leading up to their meeting, Tegeler requested—but did not receive—pictures of her breasts. The Nebraska State Patrol took Tegeler into custody after he went to the Lexington bus stop at the time scheduled for the child's arrival. Tegeler admitted that he created the Craigslist ad, used the email addresses through which the child had received communications from him, and went to the bus stop to pick her up. He denied knowing that she was 13 years old.

Subsequent to Tegeler's arrest, the Nebraska State Patrol executed a search warrant at Tegeler's home. Forensic examination of Tegeler's email accounts and computer determined that he had online conversations with numerous young girls and that he had posted 146 ads on Craigslist seeking a female to relocate for the purpose of engaging in daddy-daughter role play or a sex-slave relationship. One of the juveniles with whom Tegeler communicated was 17 years old at the time of her contact with him. In an interview with law enforcement subsequent to Tegeler's arrest

_____

[2]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

for the instant offense, she stated that she initiated contact with Tegeler as a result of one of his Craigslist ads and that she and Tegeler had planned for him to pick her up from Kansas to take her to live with him in Nebraska. Her conversations with Tegeler were sexual in nature, and she recalled sending explicit pictures of herself to him. She told law enforcement that she eventually stopped responding to Tegeler's emails and that she had never met Tegeler in person.

Tegeler was indicted and charged with one count of coercion and enticement, pursuant to 18 U.S.C. § 2422(a). He pleaded guilty without a plea agreement. A revised presentence investigation report ("PSR") found that USSG § 2G1.3 provided the most analogous sentencing guideline for a violation of 18 U.S.C. § 2422(a). However, USSG § 2G1.3(c)(1) provides:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 . . . if the resulting offense level is greater than that determined [under § 2G1.3].

USSG § 2G1.3(c)(1). Pursuant to this provision, the PSR urged that the cross-reference to § 2G2.1 applied because Tegeler had sexual conversations with a 17-year-old female that resulted in her sending him pictures depicting sexually explicit conduct. This cross-reference resulted in a base offense level of 32. The PSR then applied a two-level enhancement because the offense involved the use of a computer, *see* USSG § 2G2.1(b)(6)(B)(i), as well as a three-level reduction for acceptance of responsibility, *see* USSG § 3E1.1. The PSR thus recommended a total offense level of 31, resulting in an advisory sentencing guidelines range of 108 to 135 months' imprisonment.

Tegeler objected to the PSR's application of the cross-reference to § 2G2.1. He argued that the Government had offered no evidence that he caused the 17-year-old

Kansas girl to send sexually explicit visual depictions to him, so as to allow the court to find that his conduct with the 13-year-old involved in the offense of conviction likewise would have resulted in sexually explicit visual depictions. Accordingly, he contended that, applying § 2G1.3, his total offense level should be 23, resulting in a guidelines range of 46 to 57 months' imprisonment.

At Tegeler's sentencing hearing, the district court observed that Tegeler's conduct did not fit neatly into either § 2G2.1 or § 2G1.3 because of the court's concern about considering Tegeler's conduct with the 17-year-old, who was not the victim in the offense of conviction, to draw conclusions about his intended conduct with the 13-year-old. The court then went on to state that it likely would vary upward or downward based on the 18 U.S.C. § 3553(a) factors to arrive at a sentence that would be the same regardless of whether Tegeler's conduct fit within the cross-reference. The court then found that Tegeler's Craigslist postings revealed a definite pattern of improper sexual conduct with underage girls for the purposes of enticing them to visit him for sex and the production of visual depictions. In light of this pattern, Tegeler's exchange with the 17-year-old and the fact that a digital camera and other items were found during the search of his home rendered "perfectly foreseeable" that Tegeler likewise sought to transport the 13-year-old female for the purpose of producing sexually explicit visual depictions. The court thus found that the cross-reference to § 2G2.1 applied. After further noting its consideration of all of the § 3553(a) factors, the district court sentenced Tegeler to 84 months' imprisonment, followed by 10 years' supervised release.

On appeal, Tegeler contends that the district court procedurally erred by finding that the guidelines cross-reference applied because, in doing so, it punished him for an offense that never occurred and improperly applied a foreseeability standard that Tegeler interpreted to refer to jointly undertaken criminal activity under USSG § 1B1.3(a)(1)(B). This misapplication of the guidelines, he argues, was not harmless.

When reviewing a defendant's sentence, we "must first ensure that the district court committed no significant procedural error." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the [G]uidelines range requires a remand for resentencing." *United States v. Waller*, 689 F.3d 947, 957-58 (8th Cir. 2012) (per curiam) (alteration in original) (quoting *United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012)). "However, a district court's Guidelines computation error is harmless if the government can show the procedural error did not substantially influence the outcome of the sentencing proceeding." *Id.* at 958 (quoting *Woods*, 670 F.3d at 886).[3]

Here, the Government argues that any error by the district court in applying the cross-reference was harmless because the record clearly indicates that the district court would have imposed the same sentence regardless of the applicability of the cross-reference. After reviewing the sentencing-hearing transcript, we agree. This is so "because the record is clear that the district court intended to impose the same sentence of . . . imprisonment based on 18 U.S.C. § 3553(a)" regardless of whether

---

[3]We note that the Supreme Court recently held that a defendant seeking appellate review of an unpreserved guidelines error need not make a further showing of prejudice beyond the fact that the erroneous guidelines range "set the wrong framework for the sentencing proceedings." *United States v. Molina-Martinez*, 577 U.S. ---, 136 S.Ct. 1338, 1345 (2016). This does not affect our long line of precedent holding that the Government may meet its burden of showing that a preserved guidelines computation error is harmless by showing that the court "would have arrived at the same term of imprisonment absent the procedural error." *United States v. Henson*, 550 F.3d 739, 742 (8th Cir. 2008); *see also United States v. Sanchez-Martinez*, 633 F.3d 658, 660-61 (8th Cir. 2011); *Woods*, 670 F.3d at 887. Indeed, even *Molina-Martinez* recognizes that "despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist" when "[t]he record in a case . . . show[s] . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." 577 U.S. ---, 136 S.Ct. at 1346.

the cross-reference applied.  *See Sanchez-Martinez*, 633 F.3d at 660-61; *see also Molina-Martinez*, 577 U.S. ---, 136 S.Ct. at 1346.  Although the court ultimately applied the guidelines cross-reference to determine the advisory guidelines range, the court stated repeatedly on the record that it would vary upward or downward to reach an 84-month sentence based on the § 3553(a) factors notwithstanding the applicability of the cross-reference.  As the district court reiterated in pronouncing Tegeler's sentence:

> I have considered your prior history, your service, your health issues, . . . but I've also considered that society needs protection from this type of predatory behavior.  And, based on the nature of this offense, there will be a significant punishment reflecting respect for the law.  I am varying somewhat from the guidelines, if you will, but, as I noted earlier, this sentence is based on § 3553 factors and would be the sentence regardless of guidelines and regardless of how I ruled on the § 2G1.3 objection, quite frankly, either way.

When the district court makes "'a clear record that the judge intended to impose the same sentence,' and where the court 'tak[es] into account the potential impact of the specific error alleged,' it is appropriate to treat the alleged error as harmless." *United States v. Jackson*, 594 F.3d 1027, 1030 (8th Cir. 2010) (alteration in original) (internal citation omitted) (quoting *Henson*, 550 F.3d at 741-42); *see also United States v. Ortiz*, 636 F.3d 389, 395 (8th Cir. 2011) ("Under the circumstances of this case, there is no doubt the district court would have imposed the same sentence, and for the same reasons, regardless of any procedural error it may have made . . . ."). We have such a clear record here.  We thus conclude that, even if the district court improperly applied the cross-reference to determine Tegeler's base offense level (a question we do not decide today), any such error was harmless.  Accordingly, we affirm.

_____