# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2497

_____

United States of America

*Plaintiff - Appellee*

v.

James E. Bowman, also known as Drake

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 16, 2018
Filed: May 21, 2018
[Unpublished]

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After vacating James E. Bowman's sentence of 319 months' imprisonment, the district court resentenced Bowman to a 264-month sentence. Bowman appeals, arguing that the district court incorrectly calculated his sentence under the U.S. Sentencing Guidelines (Guidelines or U.S.S.G.) and that his conviction for

brandishing a firearm violates the Sixth Amendment. We vacate Bowman's sentence and remand for resentencing.

On September 23, 2004, a jury convicted Bowman on four counts: (1) conspiracy to commit an attempted armed bank robbery in violation of 18 U.S.C. § 371; (2) attempted armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2; (3) use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; and (4) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). When originally sentencing Bowman, the district court applied a sentencing enhancement for "committ[ing] the instant offense less than two years after release from imprisonment on a sentence [of at least sixty days]." U.S.S.G. § 4A1.1(e) (2004). When Bowman was resentenced in 2017 under the then existing Guidelines, the district court applied the same enhancement even though it was no longer in effect. The parties agree that the district court erred in doing so. Without the enhancement, Bowman's advisory sentencing range for counts one, two, and four would have been 63 to 78 months' imprisonment instead of 77 to 96 months' imprisonment. We conclude that this constituted plain error that seriously affected the "the fairness, integrity, or public reputation of [the] judicial proceedings." United States v. Mulverhill, 833 F.3d 925, 928 (8th Cir. 2016); see also Molina Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

Bowman also argues that his sentence violates the Sixth Amendment because the jury did not conclusively determine that he had brandished a firearm. With respect to count three, the jury filled out a special verdict form that stated, "We, the jury, find that during the commission of the [attempted armed robbery], a firearm was brandished or possessed." Under 18 U.S.C. § 924(c)(1)(A)(i), a person who uses or carries a firearm during a crime of violence is subject to a consecutive sentence of

five years' imprisonment. If the person brandished a firearm, however, the statute mandates a consecutive sentence of seven years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(ii). During the resentencing hearing, the district court applied the seven-year mandatory minimum sentence for brandishing a firearm. In Alleyne v. United States, 570 U.S. 99, 115-16 (2013), the Supreme Court held that an "aggravating fact" that produces a higher sentencing range "conclusively indicates that the fact is an element of a distinct and aggravated crime" that must "be submitted to the jury and found beyond a reasonable doubt." Because the language of the verdict form is ambiguous on whether Bowman brandished or merely possessed the firearm, we conclude that the district court erred in imposing the seven-year mandatory minimum sentence.[1]

The sentence is vacated, and the case is remanded for resentencing consistent with this opinion.[2]

───────────────────────────

[1]The government argues that Bowman has waived this issue because it was not raised during his original appeal or his prior motions to vacate his sentence. We disagree. When a district court conducts a *de novo* resentencing under § 2255, it cannot impose what is now an unconstitutional sentence of imprisonment. See United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016) (explaining that a district court may resentence a defendant *de novo* as post-conviction relief under 28 U.S.C. § 2255 and that a defendant is resentenced under the Guidelines in effect at the time of resentencing, not the Guidelines in effect at the time of the original sentencing); see also United States v. Gleich, 397 F.3d 608, 615 (8th Cir. 2005) (stating that the district court must follow a Supreme Court decision issued after defendant's sentencing but prior to resentencing on a separate issue).

[2]We deny Bowman's motion for stay of the issuance of our opinion and for leave to file a supplemental brief.