# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2149

_____

United States of America

*Plaintiff - Appellee*

v.

Glen Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: April 15, 2019
Filed: May 17, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Glen Davis pleaded guilty to one count of interstate communication of a threat in violation of 18 U.S.C. § 875(c). The district court[1] determined that Davis's U.S.

---

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Sentencing Guidelines (Guidelines) range was 15 to 21 months' imprisonment based on a total offense level of 12 and a criminal history category of III. The court sentenced Davis to one year and one day's imprisonment. Davis contests his criminal history calculation, arguing that it was increased from category II to category III because his prior convictions for Illinois robbery were erroneously determined to be crimes of violence under the Guidelines.

Because Davis did not object at sentencing, we review for plain error, which requires (1) error, (2) that was plain, (3) that affects substantial rights. See United States v. Chambers, 878 F.3d 616, 622 (8th Cir. 2017). A sentencing error affects a substantial right "if there is a reasonable probability the defendant would have received a lighter sentence but for the error." United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam). "When a defendant is sentenced under an incorrect Guidelines range[,] . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016). Here, however, we conclude that "the government has shown that the court would have arrived at the same term of imprisonment absent [any] procedural error." United States v. Mulverhill, 833 F.3d 925, 931 (8th Cir. 2016) (citation and internal quotation marks omitted).

As the district court made clear at sentencing, it relied on factors "independent of the Guidelines range" when determining Davis's sentence. See United States v. Dace, 842 F.3d 1067, 1070 (8th Cir. 2016) (per curiam). The length of Davis's sentence resulted from uncharged conduct that occurred during his pretrial release in Las Vegas, Nevada, where Davis was apprehended with firearms at his residence after allegedly threatening to kill his girlfriend. The district court expressed concern that this incident, along with his threat offense, reflected a regression to the kind of violent behavior in which Davis had engaged frequently until his prior incarceration began in 2003. The court therefore fashioned a sentence that would allow Davis time for mental health treatment and enable the probation office to create a release plan,

with the goal of helping Davis "get whatever he needs to return to a period of nonviolence and . . . contribute positively to society." Thus, we are satisfied that the district court had a reasoned basis for its decision and would have arrived at the same term of imprisonment even if the Guidelines calculation were erroneous.

The sentence is affirmed.

––––––––––––––––––––––––––––––