# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2340
_____

United States of America,

*Plaintiff - Appellee,*

v.

Don L. Elbert, II,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 20, 2021
Filed: December 15, 2021
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

After Don Elbert, II, violated the conditions of his fourth term of supervised release, the district court[1] revoked his supervised release and sentenced him to

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

twenty-eight months' imprisonment with no supervised release to follow. Elbert appeals the sentence, but we see no reversible error and therefore affirm.

In 2007, Elbert was convicted of sex trafficking of a minor, in violation of 18 U.S.C. § 1591. The district court sentenced him to ninety-six months' imprisonment, followed by fifteen years of supervised release. Elbert commenced his first term of supervised release in September 2013, but he repeatedly violated the conditions of release, and the district court thrice revoked his release and resentenced him before the instant proceeding. In July 2019, Elbert began his fourth term of supervised release, and this appeal concerns yet another revocation.

In April and June 2020, the probation office alleged that Elbert committed several violations of his conditions of supervised release. After a hearing, the district court found Elbert guilty of violating seven conditions of release, to wit: (1) failing to pay restitution, (2) failing to report to the probation office as instructed, (3) associating with a person engaged in criminal activity (*i.e.*, drug use), (4) associating with a person under the age of 18, (5) failing to participate in a program of sex offender counseling, (6) committing another crime (*i.e.*, possession of marijuana), and (7) unlawfully possessing a controlled substance.

The advisory guideline range for Elbert's violations was a term of six to twelve months' imprisonment. The court varied upward from the range and sentenced Elbert to twenty-eight months' imprisonment, but declined to impose a new term of supervised release to follow.

Elbert asserts that the district court committed two procedural errors at sentencing. Because he did not raise these contentions at the hearing, we review only for plain error. Fed. R. Crim. P. 52(b). To obtain relief, Elbert must show that there was an obvious error that affected his substantial rights and seriously affected the

fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

Elbert first argues that the district court did not properly determine the most serious grade of violation for his supervised release revocation or calculate the applicable guideline range. Failing to calculate the applicable guideline range would be a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). The revocation table in the Guidelines Manual sets forth an advisory range of imprisonment based on the grade of violation and the defendant's criminal history category. In this case, the most serious grade of violation was Grade C, and Elbert's criminal history category was IV. The corresponding advisory range was six to twelve months' imprisonment. *See* USSG § 7B1.4(a).

The district court did not recite the guideline range at the hearing, but the record shows that the advisory range was properly calculated in a violation worksheet that the probation office submitted to the court several days before the proceeding. We have said before that where the court has before it a revocation packet from the probation office that includes the proper guideline analysis, and the defendant requests a sentence recommended by the probation office, then there is no plain error in the court's failure to mention the guidelines. *United States v. Keatings*, 787 F.3d 1197, 1202 (8th Cir. 2015). Here, the violation worksheet calculated the correct advisory range of six to twelve months' imprisonment, and Elbert's attorney asked for a sentence of "a year and a day"—a tactical request that exceeded the guideline range by one day, but would allow Elbert to receive good-time credit that is unavailable for a sentence of twelve months. *See* 18 U.S.C. § 3624(b). Under these circumstances, as in *Keatings*, the defendant has failed to establish that the district court obviously failed to calculate and consider the guideline range.

Elbert also argues that the district court failed adequately to explain the chosen sentence based on the factors in 18 U.S.C. § 3553(a). The statute provides that the

-3-

court "shall state in open court the reasons for its imposition of the particular sentence," including the specific reason for the imposition of a sentence that varies from the advisory guideline range. 18 U.S.C. § 3553(c). The court here cited the nature and circumstances of the particular violations, Elbert's repeated violations of supervised release, the need to promote respect for supervised release, and the need to protect the public from Elbert's ongoing violations. Elbert did not request a more detailed explanation, and the court need not "categorically rehearse each of the § 3553(a) factors on the record . . . as long as it is clear that they were considered." *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006). There was no obvious error in the adequacy of the court's explanation, and Elbert has not shown a reasonable probability that a more detailed explanation would have resulted in a more favorable sentence.

Elbert also challenges the reasonableness of his sentence. We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011); *see Gall*, 552 U.S. at 51. Elbert argues that the court unreasonably varied upward from a range of six to twelve months to a term of twenty-eight months, but we have frequently approved upward variances where a defendant is a "recidivist violator" of supervised release conditions. *See United States v. Kocher*, 932 F.3d 661, 664 (8th Cir. 2019). Elbert, on his fourth revocation of supervised release, fits the bill. Given Elbert's track record of incorrigibility, it was not unreasonable for the court to impose a term of imprisonment that exceeded the advisory guideline range, and then to discharge him from supervision. *See United States v. Baker*, 491 F.3d 421, 423-24 (8th Cir. 2007).

The judgment of the district court is affirmed.

_____