# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3287

_____

United States of America,

*Plaintiff - Appellee*,

v.

William Edward Sun,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: October 16, 2023
Filed: January 24, 2024
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

William Sun challenges a sentence imposed by the district court after a second revocation of supervised release. The district court[*] varied upward from the advisory

_____

[*]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

guideline range and imposed a term of twenty-seven months' imprisonment. Sun argues the sentence was unreasonable, but we conclude that there was no abuse of discretion.

In 2012, Sun pleaded guilty to conspiracy to distribute methamphetamine, and distribution of methamphetamine within a protected location. The district court sentenced him to 120 months' imprisonment followed by a six-year term of supervised release. Sun completed his term of imprisonment and began his first term of supervised release on April 5, 2021.

On July 29, 2021, the district court revoked Sun's supervised release because he violated several conditions. The court found that Sun lied to his probation officer about his residence, absconded from a halfway house, and used a controlled substance. The court sentenced Sun to eleven months' imprisonment with a five-year term of supervised release to follow.

On June 22, 2022, Sun began his second term of supervised release. He committed four violations in the first month of his release. First, he failed to contact his probation officer on time when he was released from imprisonment. Second, he left the judicial district without permission on July 5, 2022. Third, he failed to comply with substance abuse treatment by absconding from the treatment facility on July 23, 2022. Fourth, he failed to follow his probation officer's directive to remain at the treatment facility.

The district court convened a revocation proceeding, and Sun admitted all four violations. The court determined an advisory guideline range of six to twelve months' imprisonment, but sentenced Sun to twenty-seven months' imprisonment with no supervised release to follow. The court found that the advisory guideline range was "not even remotely accurate" as a measure of appropriate punishment. The court explained that Sun was a violent and dangerous person who refused to follow rules

throughout his adult life.  Although the court gave Sun credit for turning himself in to authorities after the most recent violations, the court also found that he showed a continuous disregard for court orders and directives from the probation office.

Sun argues that the sentence was unreasonable.  We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings.  *United States v. Elbert*, 20 F.4th 413, 416 (8th Cir. 2021); *see Gall v. United States*, 552 U.S. 38, 51 (2007).  Sun contends that the district court made a clear error in judgment by varying upward to a sentence of twenty-seven months' imprisonment.  He argues that his "violations amount to little more than failing to comply with the terms of supervised release" and did not constitute "violent offenses or new law violations."  He also cites alleged mitigating circumstances—namely, that he left the judicial district for the constructive purpose of seeking substance abuse treatment, and that he absconded from treatment to see his critically ill wife.  Sun also argues that he can positively contribute to society by using his college education and skills to create an agricultural program for his Indian tribe.

Sun's arguments are insufficient to establish an abuse of discretion.  The district court has wide latitude to weigh the relevant sentencing factors.  Where a defendant on supervised release demonstrates a pattern of incorrigibility on supervised release, the court may determine that the defendant is not amenable to supervision.  In such a case, the court reasonably may vary upward from the advisory term of imprisonment and then discharge the offender from supervision.  *Elbert*, 20 F.4th at 416.  Sun served two terms of supervised release and violated the conditions of release almost immediately.  In fashioning a sentence, the court permissibly placed greater weight on Sun's continuous disregard for court orders and his history of noncompliance.  The revocation sentence was reasonable in light of Sun's history and characteristics.

The judgment of the district court is affirmed.

_____