# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2169

_____

United States of America

*Plaintiff - Appellee*

v.

Donald L. Shaw

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2024
Filed: June 17, 2024
[Published]

_____

Before LOKEN, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Donald Shaw appeals the 24-month prison sentence that the district court imposed following the second revocation of his supervised release. After careful review, we vacate and remand for resentencing.

## I.

Shaw pleaded guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In October 2019, he was sentenced to 40 months of imprisonment and 24 months of supervised release. In September 2022, Shaw's term of supervised release was revoked, and the district court sentenced him to 8 months of imprisonment and 18 months of supervised release.

Shaw began his second term of supervised release in January 2023. In March 2023, the United States Probation Office (USPO) filed a petition to revoke his release, alleging that Shaw was noncompliant with several conditions of his supervision. The most serious conduct alleged—an incident involving felony domestic assault and possession of a firearm—qualified as a Grade A violation. All other instances of noncompliance alleged were Grade C violations. In the Sentencing Computation worksheet submitted to the court, the USPO determined that Shaw's applicable Guidelines range—assuming the most serious grade violation was Grade A—would be 33 to 41 months of imprisonment, lowered to 24 months due to the statutory maximum under 18 U.S.C. § 3583(e)(3). See United States Sentencing Guidelines (USSG) § 7B1.4(b)(1) (2021).

Shaw contested the violations. By the time of the revocation hearing, the alleged assault victim had retracted statements she previously made to law enforcement and was unavailable to testify. Over Shaw's hearsay objections, the government offered the testimony of a local domestic abuse detective who investigated the assault. Shaw's federal probation officer also testified, again over Shaw's objection, about statements the victim made concerning a firearm she said Shaw took from her apartment on the night of the assault.

The district court declined to revoke Shaw's term of supervised release based on the conduct supporting a Grade A violation, stating, "I'm not going to revoke [Shaw] based upon the issues surrounding the assault." The court nevertheless

concluded that Shaw's "supervised release [was] revoked because he violated the conditions of release," and sentenced him to 24 months of imprisonment with no supervised release to follow.

## II.

On appeal, Shaw argues that the district court procedurally erred when it sentenced him without first calculating the applicable Guidelines range for his Grade C violations. See USSG § 7B1.4. Because Shaw did not raise this objection to the district court, we review for plain error. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). Such an error must be plain and affect substantial rights, and we will exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). An error affects a person's substantial rights if it is prejudicial, meaning there is a reasonable probability of a more favorable outcome had it not occurred. United States v. Dang, 907 F.3d 561, 564 (8th Cir. 2018).

Failing to calculate the proper Guidelines range is procedural error. Gall v. United States, 552 U.S. 38, 51 (2007) ("[The appellate court] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range"); Rosales-Mireles v. United States, 585 U.S. 129, 143–44 (2018); Miller, 557 F.3d at 916 (applying same standards to revocation proceedings). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 578 U.S. 189, 198 (2016).

The government does not meaningfully contest that the district court failed to calculate the Guidelines range for a Grade C violation—which the parties agree was 8 to 14 months. And there is no dispute that the district court found only Grade C

violations. The government nevertheless argues there was no error, pointing out that it expressly requested an upward variance to the statutory 24-month maximum if the district court found it had proven Grade C, but not Grade A, violations. According to the government, this is sufficient for us to conclude that "the district court was aware of" the appropriate range—a range that was never calculated.

The government's request for a variance may suggest that everyone understood that the advisory range would be lower than 24 months. But without an accurate Guidelines calculation, the government's request alone cannot tell us how much lower the range was and, more importantly, does not give us a point of reference for the extent of the upward variance. See Gall, 552 U.S. at 51 (concluding that the reasonableness of a sentence is determined by the "totality of the circumstances, including the extent of any variance from the Guidelines range"); Rosales-Mireles, 585 U.S. at 134 ("The district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct."). We recognize that the district court expressed concerns about Shaw's conduct while on supervised release and said that Shaw was "not amenable to supervision." These statements support its decision to revoke Shaw's term of supervised release; they do not, however, convince us that the district court was determined to impose the statutory maximum sentence regardless of the grade of Shaw's violations. See Molina-Martinez, 578 U.S. at 204.

In similar contexts, we have concluded that the failure to articulate the applicable range in open court did not rise to the level of plain error. See United States v. Elbert, 20 F.4th 413, 415–16 (8th Cir. 2021) (finding no plain error where "[t]he district court did not recite the guideline range at the hearing, but the record shows that the advisory range was properly calculated in a violation worksheet that the probation office submitted to the court several days before the proceeding"); Dang, 907 F.3d at 564–65 (finding no error despite lack of Guidelines calculation where the USPO filed a violation worksheet with the court and the court demonstrated adequate consideration of Chapter 7 of the Guidelines). But in those cases, the correct Guidelines range was calculated in the revocation documents made

-4-

available to the parties and the district court. Here, the probation officer calculated only the Guidelines range for a Grade A violation in the revocation worksheet. The Guidelines range applicable to the Grade C violations given Shaw's criminal history was simply not calculated at any time during the relevant proceedings.

Shaw's revocation hearing spanned two separate days, several weeks apart, and the parties' focus during the hearing was on the contested Grade A conduct. This may have played a role in the district court's failure to calculate the applicable range for Shaw's Grade C violations. Nevertheless, on this record, the oversight was plain error that affected Shaw's substantial rights and is "sufficient to show a reasonable probability of a different outcome absent the error." See Molina-Martinez, 578 U.S. at 198. Thus, Shaw is entitled to be resentenced.[1] See, e.g., United States v. Mulverhill, 833 F.3d 925, 930–31 (8th Cir. 2016) (remanding for resentencing because the district court was silent as to the sentence it would have imposed absent the error in calculating the Guidelines range).

We remand the matter to the district court to give it the opportunity to calculate and consider the appropriate range for the Grade C violations it found before imposing a sentence that is "sufficient, but not greater than necessary" to meet the purposes of sentencing under 18 U.S.C. § 3553(a). See Molina-Martinez, 578 U.S. at 204 ("[The Guidelines] serve as the starting point for the district court's decision and anchor the court's discretion in selecting an appropriate sentence."); Rosales-Mireles, 585 U.S. at 133.

---

[1]Because we conclude that Shaw is entitled to be resentenced as a result of this procedural error, we need not address his arguments that the district court erred in considering hearsay testimony or that the length of his revocation sentence was substantively unreasonable.

## III.

We vacate Shaw's sentence and remand to the district court for resentencing.

LOKEN, Circuit Judge, dissenting without opinion.

_____