# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3590
_____

United States of America

*Plaintiff - Appellee*

v.

Zachery Thrice Green, also known as Zachary Thrice Green

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: September 23, 2024
Filed: October 23, 2024
[Unpublished]
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Zachery Thrice Green pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(8). His draft Presentence Report had a Guidelines range of 70 to 87 months in prison. But at sentencing, the district court found that a prior conviction did not qualify as a predicate felony under § 4B1.2 and that a criminal history enhancement was improper under the recently revised

Guidelines. His corrected Guidelines range was 37 to 46 months in prison. The district court[1] sentenced him to 96 months in prison and three years of supervised release. Green argues that his sentence is substantively unreasonable. We affirm.

Green says that the district court abused its discretion by varying up to a 96-month sentence, claiming that the court failed to give adequate weight to mitigating factors. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). He claims he deserved a lower sentence because of his difficult childhood in the foster care system, exposure to drugs at a young age, lack of education, and mental health disorders, as well as the fact that he did not brandish the gun. But the district court discussed these mitigating circumstances and weighed them against the aggravating ones: he had stolen the gun, he barged into an apartment—likely with the gun—searching for a woman at night, he followed a woman in a car for approximately 20 minutes late at night with the gun, he originally denied having a gun to police, and he committed a brutal jailhouse battery less than two years before. That the district court weighed the seriousness of the offense, deterrence, and public safety more heavily than Green's mitigating factors does not render his sentence substantively unreasonable. See 18 U.S.C. § 3553(a)(1), (2)(A)–(C) (factors to be considered in imposing sentence); United States v. Ross, 29 F.4th 1003, 1009 (8th Cir. 2022) ("The district court has 'wide latitude' in weighing the § 3553(a) factors and 'may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal.'" (citation omitted)).

Green also complains that the district court abused its discretion by imposing a prison term above the draft PSR's Guidelines range, in effect negating his winning arguments at sentencing. But after sustaining Green's objections, the district court used the correct Guidelines range as "the starting point" that "anchor[ed] the court's discretion." United States v. Shaw, 104 F.4th 691, 694 (8th Cir. 2024) (quoting Molina-Martinez v. United States, 578 U.S. 189, 204 (2016)). And we have already

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

said that the district court did not abuse its discretion by varying from the Guidelines range.

Affirmed.

_____