# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2331
_____

United States of America

*Plaintiff - Appellee*

v.

Greg Alan Wallin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 3, 2026
Filed: March 11, 2026
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In 2016, Greg Wallin pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). He was sentenced to 120 months in prison and twenty years of supervised release. Wallin commenced his term of supervision in 2024. He was later arrested pursuant to a violation report

by his probation officer. Following a final revocation hearing, the district court[1] found that Wallin has committed two violations of the special conditions of his supervision, and sentenced him to nine months in prison and ten years of supervised release. Wallin appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

For reversal, Wallin challenges the sufficiency of the evidence that he violated his special conditions related to (1) having unapproved contact with minors, and (2) possessing, without approval, a device capable of accessing the internet. This court reviews for clear error whether the government established a violation of a defendant's conditions of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (authorizing court to revoke term of supervised release if it finds by preponderance of evidence that defendant violated condition of supervision); *United States v. Black Bear*, 542 F.3d 249, 252 (8th Cir. 2008) (decision to revoke supervised release is reviewed for abuse of discretion and subsidiary finding as to whether violation occurred is reviewed for clear error).

Although Wallin argues that he did not fully understand the parameters of the condition limiting his contact with minors, the district court determined that Wallin was not fully credible. It is also undisputed that Wallin did not seek approval from his probation officer before he attended a community event and interacted with several minors who were present. Accordingly, the district court did not abuse its discretion in concluding that Wallin violated that special condition. Whether Wallin obtained his probation officer's approval to retain a flip phone capable of accessing the internet is immaterial, particularly where the record indicates that Wallin retained at least one such device that was unapproved. *See United States v. Jones*, 628 F.3d 1044, 1047 (8th Cir. 2011) (noting virtual unreviewability of district court's credibility decisions); *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) (court need only find one violation to revoke supervised release).

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

This court also rejects Wallin's challenge to the substantive reasonableness of the nine-month prison term imposed by the district court following its recitation of factors it considered. *See United States v. Elbert*, 20 F.4th 413, 416 (8th Cir. 2021) (reviewing reasonableness of revocation sentence under same deferential abuse-of-discretion standard that applies to initial sentencing proceedings). *See also United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam) (within-guidelines sentence is accorded presumption of reasonableness on appeal).

The judgment is affirmed.

_____